(Decided 20th June, 1879.)

EDMUND T. H. WALTER and ELIZABETH, his Wife *vs.* DAVID E. FOUTZ.

*When an Auditor's accounts may be reviewed on Appeal, though not Excepted to below—Usurious transactions.*

Where accounts are stated by the auditor to represent the views and claims of the respective parties under their instructions, such accounts may be reviewed on appeal, though no exception thereto was taken in the Court below by either party.

In August, 1871, an arrangement was made by which the appellants were to obtain a loan for two years from the appellee, of the sum of thirty-seven hundred dollars, the same to be secured by mortgage. The mortgage was accordingly executed and delivered, the sum of two hundred and twenty-two dollars being retained by the mortgagee from the amount, to secure the payment of which the mortgage was given, as a *bonus* for the loan. In August, 1873, the time for the payment of the loan was extended, and the further sum of two hundred and sixty-two dollars, was demanded by the mortgagee, and paid by the mortgagors, as a condition of the continuance of the loan. In August, 1875, a like extension was made, and the further sum of one hundred and thirty-one dollars, on a like condition, was demanded by the mortgagee, and paid by the mortgagors. Upon the expiration of the time for the re-payment of the loan, default was made, and the mortgaged premises were sold. HELD:

That the retention of the first named sum, and the demand and payment of the two other sums were usurious transactions, and in the distribution of the proceeds of the sale of the mortgaged premises, the mortgagors are entitled to have said sums credited upon the mortgage debt as of the times when they were respectively paid.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, GRASON, MILLER and ALVEY, J.

*Alex. H. Hobbs,* for the appellants.

It was said in *Lucas vs. National Bank,* 28 *P. F. Smith,* (*Pa.,*) 232, that the over-payment of interest is " a trust fund," and the party to whom payment is made "is a trustee or bailee" of the party paying the usury.

In *Brown vs. Second National Bank,* 22 *P. F. Smith,* 212, it was said that in case of a series of notes and renewals thereof, and suit brought on the *last* note, usurious interest paid on the antecedent notes may be pleaded in the

suit on the *last* note as payment *pro tanto* thereon, as all of the notes were *tainted* with usury.

In *Overhalt vs. National Bank*, 82 *Penn. St. Rep.*, 494, it was decided that in "a series of renewal notes given for the continuation of the same original loan or advance, the taint of usury in the first transaction follows down the descent through the entire line." The Court treated the payment of *usurious interest* as "*a credit*" payment on the principal debt.

This question is elaborately and carefully examined by Justice SHARSWOOD in *Campbell vs. Sloan*, 12 *P. F. Smith*, 485 *and* 486, wherein it was said: "These payments, as payments of interest, were avoided by the statute, and *became payments on account of the principal.*"

In *Carroll vs. Kershner*, 47 *Md.*, 276, it was decided that: "If more than legal interest has been extorted by the mortgagee, the Court, in distributing the proceeds (of sale,) may direct it to be withheld or refunded." See also, *Powell vs. Hopkins*, 38 *Md.*, 13.

In *Md. Perm. Land and Building Society of Balto. vs. Smith and Carroll*, 41 *Md.*, 522, it was said "that the question of usury can only arise upon the *statement of the final account by the auditor*, and cannot be urged as an objection to the sale."

It was said in *Hill vs. Reifsnider*, 46 *Md.*, 556, that the mortgagor was entitled to credit for the amount paid, "*including bonus and interest on bonus.*"

It is difficult to see upon what ground the learned Court below based the action of sustaining the exceptions interposed by the appellee. It is clear, I think, if the several *usurious payments* had been presented to the auditor before he stated the account on the mortgage sale, these payments would have been allowed. They were not presented, however, but the account was remanded for that purpose.

Courts of equity have gone very far towards relieving a party against usurious exactions. In *Doub vs. Barnes*, 1

*Md. Ch. Dec.*, 128, it was determined that "a party who has paid a judgment founded on a usurious debt, may ask to be relieved as to the amount paid beyond what was legally due and recoverable; and this may be done without paying or offering to pay anything, because the application for relief is predicated upon the averment that too much has been already paid."

A party omitting to make the defence of *usury* at law, may still be relieved in equity. See *Hitch vs. Fenby*, 6 *Md.*, 218.

*Fielder C. Slingluff*, for the appellee.

The account filed by the appellee, having been finally ratified and confirmed by the Court below, and no exceptions having been filed thereto by the appellants; they have no appeal therefrom to this Court. This Court has said, in a similar case, "the record does not show that any exceptions to the ratification of this account were filed in the Court below. By the Act of 1861, chapter 33, it is provided, among other things, that on an appeal from a Court of Equity, *no* objection to *any account* stated and reported in said cause shall be made in the Court of Appeals, *unless* it shall appear by the record that such objection has been made *by exceptions filed in the Court from which such appeal has been taken.* The consequence is, the order appealed from must be affirmed." *The Citizens' Security and Land Company of Baltimore vs. Wilson*, 50 *Md.*, 90.

This ends the appellants' case; and it avails them nothing whether the exceptions to their account be overruled or not, as the same question has been settled in the account already finally ratified.

Grason, J., delivered the opinion of the Court.

From the record in this case it appears that in August, 1871, there was an arrangement made by which the ap-

pellants were to obtain a loan, for two years, from the appellee, of the sum of thirty-seven hundred dollars. A mortgage for that amount was accordingly executed and delivered by the appellants to the appellee, and at the same time there were also signed and delivered to him four notes for the interest on thirty-seven hundred dollars, payable in six, twelve, eighteen and twenty-four months. The appellants, however, received from the appellee, but thirty-four hundred and seventy-eight dollars, two hundred and twenty-two dollars having been retained by the appellee as a bonus. In August, 1873, the time for the payment of the loan was extended, other interest notes being given, and the further sum of two hundred and sixty-two dollars being demanded by the appellee and paid by the appellants. In August, 1875, the loan was again extended for two years more, interest notes were given, and the sum of one hundred and thirty-one dollars was demanded by the appellee and paid by the appellants. Upon the expiration of the time for the re-payment of the loan, default was made and the mortgaged premises were sold. The auditor stated an account which was finally ratified, but upon the petition of the appellants the Court below ordered other accounts to be stated, upon the evidence then in the case and thereafter to be adduced, under the instructions of the solicitors of the respective parties. The first account which had been ratified was filed in Court by the auditor by direction of the solicitor of the appellee, and another account was stated under the instructions of the solicitor of the appellants, by which certain payments made to the appellee, and alleged to be usurious, with interest thereon from their times of payment, were allowed as credits upon the mortgage. To this account the appellee filed exceptions which were sustained, the account rejected, and the account stated under the appellee's instructions was finally ratified, and from the order thus disposing of the accounts this appeal was taken.

It was contended by the solicitor of the appellee that as no exception was taken in the Circuit Court of Baltimore City, to the account which was ratified, this appeal is not properly in this Court, and referred, in support of. this proposition, to the case of *The Citizens' Security and Land Company of Baltimore vs. Wilson*, 50 *Md.*, 90. In that case, however, there was but one account stated by the auditor, and to that no exceptions were filed. But the law is different where accounts are stated to represent the views and claims of the parties to the cause, under their instructions, and no exceptions are then required by either party, and objections may be taken to the accounts. This was expressly decided by our predecessors in the case of *Dennis and Rush vs. Dennis' Executors*, 15 *Md.*, 150. The accounts filed in this case were stated under an order of Court, which directed the auditor to state accounts from the evidence then in the cause and thereafter to be adduced before him, and under the instructions of the solicitors of the respective parties, and they were so stated, and are, therefore, under the decision above referred to, properly before this Court for review.

The exceptions filed to the account stated under the instructions of the solicitor of the appellants, relies upon the Statute of Limitations, to defeat their claim to have the payments, alleged to be usurious, credited against the mortgage debt. If such payments were tainted with usury, this defence cannot avail the appellee. Where usurious interest has been exacted, it must be credited as of the time of its payment, to the payment of the legal interest, if there be any due, and if not, then to the principal debt. No point was made upon this exception by the appellee's solicitor, either in his brief or argument, and it may be inferred that it was abandoned.

Another ground of exception to that account was, that the mortgaged premises had been sold for taxes after the execution of the mortgage, and purchased by the appellee.

This ground of objection may also be regarded as having been abandoned, as no point was made upon it either in the brief or argument of the appellee's solicitor, especially in view of the fact that the taxes were allowed out of the proceeds of the sale under the mortgage, in both the accounts filed by the auditor.

The only remaining question to be decided is, was the retention of the sum of two hundred and twenty-two dollars from the amount, to secure the payment of which the mortgage was given, and the demand and payment of the two other sums upon the extension of the loan usurious transactions? It is perfectly clear that the first mentioned sum retained from the amount of the loan was a *bonus* for the loan, for it is admitted to be such in express terms by the appellee's solicitor, in a statement furnished by him to the appellants. The other two sums could not have been paid to Mr. Slingluff for services rendered the appellants, as suggested by him, inasmuch as the record shows that he was acting as solicitor of the appellee during the whole time through which the loan and its extensions ran, and it cannot be presumed that he acted as solicitor, or counsel, for both parties. Neither could it have been paid as commissions for Mr. Crowl, as the record does not show that he had any connection whatever with the transaction between the parties, nor is he even named in the record. These payments were in excess of the legal interest, for which interest notes were given. The sum deducted from the loan at the time it was made is admitted to have been a *bonus,* and Mr. Walter swears that the payment of the other two sums was demanded as a condition of the continuance of the loan, and no witness was produced to contradict his evidence, which could readily have been done if what he swore to was not the truth. We think it clear that all these sums were demanded by the appellee, and paid by the appellants, as a consideration for the loan and the

extensions of the time of re-payment.   That such transactions are usurious cannot be questioned since the decision by this Court in the case of *Andrews vs. Poe,* 30 *Md.,* 487, 488.   In that case the mortgage was given to secure the re-payment of a loan of six thousand dollars ; the mortgagee gave the mortgagor his check for the six thousand dollars, and received from him the legal interest, and in addition the sum of seven hundred and twenty dollars, and that transaction was held to be usurious.   Viewing the facts and circumstances of the case now before us in the light of the law as applied to the case of *Andrews vs. Poe,* it is clear that the demand and payment of the sums of money at the times of making and extending the time for re-payment of the loan, were usurious transactions, and that the appellants are entitled to have the three sums thus paid credited upon the mortgage debt as of the times they were paid.

The order appealed from will be reversed with costs, and the cause remanded for further proceedings.

*Order reversed with costs, and*
*cause remanded.*

(Decided 20th June, 1879.)